LEONARD ALDRIDGE, by his duly authorized agent, DAN CAMPBELL HOLMES,

Complainant Below, Appellant,

*vs.*

FRANCO WYOMING OIL COMPANY, a corporation created by and existing under the laws of the State of Delaware, FRANCO WYOMING SECURITIES CORPORATION, a corporation created by and existing under the laws of the State of Delaware, and HENRI LOUIS GAILLOCHET,

Defendants Below, Appellees.

*Supreme Court, On Appeal, June 18, 1940.*

LAYTON, C. J., and RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*Hastings, Stockly & Layton,* for appellant.

*Clarence A. Southerland* and *E. Ennalls Berl,* of the firm of Ward & Gray, of Wilmington, and *Alexander B. Siegel,* of New York City, of counsel, for appellees.

Supreme Court, January Term, 1940.

LAYTON, Chief Justice, delivering the opinion of the court:

The Chancellor denied the complainant's motion for the issuance of a preliminary injunction, and dissolved the restraining order theretofore issued. From this decree the complainant has appealed.

In the report of the case to be found, *ante p.* 126, 7 *A.* 2*d* 753, the contentions of the parties, with one exception, are thoroughly considered by the court below. It is sufficient to say that the Chancellor's conclusions with respect to disputed matters of fact were justified; and that the pertinent legal principles were correctly stated.

The Chancellor found it unnecessary to discuss or decide one contention advanced by the defendant.

The genesis of the controversy was the determination to amend the corporate charter of the Franco Wyoming Oil Company by converting its class A stock into common stock, thereby annulling a peculiar power attached to the class A stock.

From and after May 20, 1927, by charter amendment, provision was made for two classes of stock, class A stock and common stock. Of a total authorized issue of 700,000 shares, 5,000 shares were class A shares, and 695,000 shares were common shares. The par values were the same. Each class of stock had the same rights except that it was provided that,

"Each holder of a share of class A stock and each holder of a share of common stock shall in all respects have equal rights in the corporation and as a stockholder thereof, with the single exception that no person shall be elected a director of the corporation against whom there shall be cast the votes of forty per cent. (40%) in amount of the outstanding class A stock."

It was urged before the court below, and here, that the charter amendment creating the class A stock was without warrant in law, and consequently, that equity will not act affirmatively to compel the continuance of the illegal situation thus created.

*Section* 13 of the *General Corporation Law* (*Sec.* 2045, *Revised Code,* 1935) authorizes the creation of classes of stock which may have

"* * * such voting powers, full or limited, or without voting powers and in such series and with such designations, preferences * * *, participating, optional or other special rights, and qualifications, limitations or restrictions thereof as shall be stated and expressed in the certificate of incorporation or of any amendment thereto."

The particular right in question is a voting right as it affects elections of directors. The right or power to vote is the right to express the voter's will or preference on a proposed measure, or in the selection of an officer, through ballot, outcry, or other appropriate means by which choice or preference may be made known. *Section* 30 of the *General Corporation Law, Rev. Code* 1935, § 2062, provides that all elections of directors shall be by ballot unless otherwise provided in the certificate of incorporation.

The right attached to the class A stock is not, in reality, a voting right as such right is generally understood. The provision under attack is not susceptible to the construction that, to effect the election of a director, the candidate must receive the vote of a majority of the common stock and the vote of more than sixty percentum of the class A stock. Inaction on the part of the holders of the class A stock, with full knowledge, may well be considered as a waiver of their right. But, apart from such special considerations, the class A stock has all the rights of the common stock, and something more. Accordingly this special class of stock has the right to an affirmative vote in the election of directors. It is possible that the holders of the special stock may not know in advance the names of the

persons offered as candidates for the office of director, and may themselves vote for other persons. In such case no disapproval of the persons voted for by other stockholders has been expressed. If, in fact, the names of the persons offered as candidates are known in advance and the holders of the class A stock, or a sufficient number of them, vote for other persons, disapproval is conjectural. Voting affirmatively for other persons is not necessarily a vote against those persons offered by the other stockholders. It may well be that upon the manifestation of the choice of the stockholders generally, the dissidents may acquiesce; but, under the language of the amendment, they are entitled to the right to express their disapproval. In the absence of special circumstances, two elections are demanded; first the expression of the will of the stockholders generally; and second, disapproval or ratification by the holders of the class A stock. Apart from circumstances evidencing waiver, disapproval must be shown affirmatively. Manifestly the power conferred on the class A stock is the right of veto.

The clear inference to be drawn from the language of the statute is that the voting power attached to stock, as it relates to the election of directors, is an affirmative right to express a choice or preference, not merely the right of negation.

The Legislature is the source of power. That branch of the Government defines the public policy of the state with respect to corporate control. If the extraordinary power conferred on the class A stock is to be upheld, some provision of the law must be found which, either by express words or necessary intendment, authorizes the creation of the power. It is sufficient to say that the right conferred on the special class of stock, in the guise of a voting right, is not within the intendment of the law as it is now written; and for this additional reason the decree of the court below must be sustained.